IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00241-RMR-STV

KENNETH GOW

    Plaintiff,

v.

TK ELEVATOR CORPORATION, a Delaware Corporation;

    Defendant.

## DESIGNATION OF NONPARTY AT FAULT

Defendant TK Elevator Corporation ("TKE"), by and through its counsel, Hall & Evans, LLC, hereby submits the following Designation of a Nonparty at Fault:

1. Plaintiff alleges he sustained injuries when his foot was caught in the end of a moving walkway maintained by TKE at Denver International Airport. Plaintiff claims that his foot was caught due to a missing or broken comb plate at the end of the walkway. Plaintiff claims that this comb plate was broken or missing because TKE allegedly failed to properly maintain or repair the walkway. Plaintiff seeks damages from TKE under Colorado's Premises Liability Act (C.R.S. § 13-21-115).

2. C.R.S. § 13-21-111.5(1) provides, in pertinent part, "In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss."

1

3. To this end, C.R.S. § 13-21-111.5(3)(a) provides that "the finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those persons who are parties to such action."

4. C.R.S. § 13-21-111.5 provides that a party wishing to designate a nonparty must file a notice "designating such nonparty and setting forth such nonparty's name and last known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault."

5. Plaintiff's fall occurred late in the evening on November 4, 2022. However, as noted in the "First Report of Alleged Incident" completed by TKE employee Lucas Mills on the date of Plaintiff's incident, disclosed by TKE under the Bates label TKE00001, Denver International Airport surveillance footage showed an unidentified "large person stomping on [the] comb plate and breaking it at 9:30 p.m" earlier that same evening. Accordingly, this unidentified large person may have been at fault for the comb plate being dislodged from the walkway, and may be at fault for Plaintiff's injuries, to the extent he sustained any.

6. Although discovery remains in its early stages, based on this information, Defendant TKE hereby designates the following as a non-party who may be wholly or partially at fault in the above-captioned action, assuming that the allegations of the Complaint are true, most of which Defendant denies:

7. **John Doe**, Address unknown. The person seen stomping and breaking the comb plate in the surveillance footage described in Paragraph 5 (hereinafter referred to as "John Doe" may have been responsible for the displacement of the comb plate on the walkway where Plaintiff

2

claims to have fallen on the night of the incident. This act of stomping on and damaging the comb plate constitutes negligence or fault that may have been the proximate cause of Plaintiff's incident-related injuries (to the extent he suffered any), and the jury may therefore apportion fault to John Doe.

8. This currently unidentified person as well as any other persons or entities identified in the parties' disclosures or otherwise may, depending upon further disclosure and discovery, be wholly or partially at fault in the above-captioned action. Defendant reserves the right to designate such persons and/or supplement its designations as facts are developed through discovery.

9. Defendant reserves the right to withdraw its designation of any persons or entities hereby designated as non-parties at fault.

10. By filing its Designation of a Non-Party at Fault, Defendant does not admit that it is responsible for the claims and damages alleged in the Complaint, or that the claimed damages in fact exist or were caused by any act or omissions on the part of Defendant.

WHEREFORE, Defendant respectfully requests that this Court and jury take into account the identity of the above-identified non-parties and attribute to them the percentage of fault or negligence when assessing the degree of fault, if any, found against Defendant with respect to any claim for injuries, damages and/or loss alleged by the Plaintiff.

Respectfully submitted on April 4, 2024.

HALL & EVANS, LLC

*s/ Conor P. Boyle*
Conor P. Boyle
Sean T. Carlson
1001 17th Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300

Fax: (303) 628-3368
boylec@hallevans.com
carlsons@hallevans.com
*Counsel for Defendant TKE*

Case No. 1:24-cv-00241-RMR-STV   Document 22   filed 04/04/24   USDC Colorado   pg 4 of 5

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2024, a true and correct copy of the foregoing **DESIGNATION OF NONPARTY AT FAULT** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

*Attorney for Plaintiff:*
Brian N. Aleinikoff, #49238
Tim J. Luetkemeyer, #52128
Leventhal Puga Braley P.C.
950 South Cherry Street, Suite 600
Denver, Colorado 80246
Phone Number: (303) 759-9945
FAX Number: (303) 759-9692
E-mail:
brian@leventhal-law.com
tluetkemeyer@leventhal-law.com

                                            *s/ Rebecca Walker*
                                            Hall & Evans, LLC